#### CITY OF FT. WORTH v. CURRY.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 11, 1913.)

APPEAL AND ERROR (§ 706*)—RECORD—MATTERS TO BE INCLUDED.

Under Rev. Civ. St. 1911, art. 2021, providing that, where the ground for a new trial is misconduct of the jury or any communication made to the jury or that the jury received other testimony, the court shall hear evidence thereof, that it shall be competent to prove such facts by the jurors or others by examination in open court, and that, if the misconduct be material, a new trial may be granted, the denial of a new trial because certain jurors visited the premises involved would not be reviewed where the record did not show whether the court heard evidence in support of such motion or, if so, what the evidence showed, since the court is to exercise a discretion in the light of the testimony, and in the absence of such testimony it could not be determined whether such discretion was abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2944–2947; Dec. Dig. § 706.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by J. C. Curry against the City of Ft. Worth. Judgment for plaintiff, and defendant appeals. Affirmed.

W. H. Slay, A. B. Curtis, and H. C. McCart, all of Ft. Worth, for appellant. Smith, Turner & Bradley, of Ft. Worth, for appellee.

SPEER, J. The appellee sued appellant to recover damages to a certain lot situated in the city of Ft. Worth, alleging that the city had excavated the street in front of plaintiff's lot in such manner as to damage his property in the amount claimed. There was a judgment against the city in the sum of $325, which it is sought to reverse on this appeal.

There are three assignments of error presented, but all relate to one question, and that is the misconduct of the jury in that some of its members without the permission of the court or the consent of the parties, visited the premises in controversy and were influenced by what they saw. Article 2021, Revised Civil Statutes 1911, provides that a new trial may, in the discretion of the court, be granted because of the misconduct of the jury in receiving other testimony, but in such connection it is provided that the court shall hear evidence concerning such matter and of course is to exercise his discretion in the light of such testimony. There is nothing whatever in the present record to indicate that the court did or did not hear any evidence upon the issue raised by appellant in its motion for a new trial setting up such misconduct. There is neither statement of fact nor bill of exception in this respect, and in this state of the record we cannot, of course, say the court abused his discretion in overruling the motion for a new trial, and this is the only point raised on the appeal. It may be, for aught the record shows, that the court did hear evidence and that the jurors one and all denied that they were influenced by the communication of their fellows who visited the premises, or indeed it may be that such visit was denied altogether. The sworn motion is no more than a plea raising such issue and is not itself evidence requiring the court to grant a new trial.

The judgment is affirmed.